**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BILL HAMMONS**                                                                                                **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO.: 4:22-CV-37-MPM-JMV**

**KIRK BROTHERS, INC.**                                                          **DEFENDANT**

**ORDER ON MOTION FOR PROTECTIVE ORDER AND/OR QUASH SUBPOENA**

This matter is before the court on Plaintiff's Motion for Protective Order and/or to Quash Subpoena. [21]. For the reasons below, the motion, to the extent it seeks a protective order is denied, and to the extent it seeks to quash the subject subpoena, it is granted.

    **I.**     **Procedural History and Pertinent Facts**

On June 2, 2022, a case management conference was held pursuant to which the discovery period was set to expire on December 2, 2022. Thereafter, in pursuit of that discovery, the Defendant served the Plaintiff with interrogatories which, in relevant part, read:

> **INTERROGATORY NO. 4**: Please identify any and all employment you have engaged in on and/or after January 1, 2021, and for any and all such employment please identify the following:
> a. Name of employer;
> b. Dates of employment;
> c. Date upon which you applied for such employment;
> d. Rate of pay;
> e. Benefits offered and yours/employers' respective costs;
> f. Hours worked per week, if rate of pay is on an hourly basis;
> g. Name of supervisor;
> h. Your position; and
> i. Reason for separation from employment if no longer employed
>
> **INTERROGATORY NO. 5**: Please identify any and all income that you have received since January 1, 2021, and for any and all such income please identify the following:
> a. The amount of the income;
> b. The source of the income;
> c. The reason for the income;
> d. The date the income was received;

    e. Whether state, federal, and/or other payroll taxes and withholdings were withheld from the income.

Defendant also served Plaintiff with requests for production which, in relevant part, sought:

> **REQUEST FOR PRODUCTION NO. 6**: Please produce any and all documents pertaining to employment in which you engaged on and/or after January 1, 2021, including, but not limited to, tax returns, pay stubs, W-2s, hours worked, and benefits information. In connection with this request, please execute the Employment Records Release Authorization.

On June 20, 2022, Plaintiff timely responded to the interrogatories and request to produce as follows:

> **ANSWER NO. 4**: Plaintiff objects to this Interrogatory as overbroad, vague, unduly burdensome. To the extent not objectionable, all documents not previously objected to, and which have been identified as responsive to this interrogatory are being produced contemporaneously with these responses. Please refer to Plaintiff's bates stamped document as HAMMONS 000056-000057 CURRENT PAY RECEIPTS. Additionally, please see the following regarding current employment:
> a. Name of employer: Belk Ford/Oxford Toyota;
> b. Dates of employment: Sept. 1, 2021, to Present;
> c. Date upon which you applied for such employment: July 1st, 2021;
> d. Rate of pay: Commission Only;
> e. Benefits offered and your/employers' respective costs: Health Insurance (Blue Cross Blue Shield of Mississippi) — $280.65 paid monthly by both employer and employee;
> f. Hours worked per week, if rate of pay is on hourly basis: 60 hours a week;
> g. Name of supervisor: Frank Wilson;
> h. Your Position: Sales;
> i. Reason for separation from employment if no longer employed: n/a
>
> **ANSWER NO. 5**: Plaintiff objects to this Interrogatory as overbroad, vague, unduly burdensome. To the extent not objectionable, all documents not previously objected to, and which have been identified as responsive to this interrogatory are being produced contemporaneously with these responses. Please refer to

>Plaintiff's bates stamped document as HAMMONS 000056-000057 CURRENT PAY RECEIPTS. Additionally, please refer to Plaintiff's response to Interrogatory No. 4.
>
>**RESPONSE to Request for Production NO. 6**: All documents not previously objected to, and which have been identified as responsive to this interrogatory are being produced contemporaneously with these responses. Please refer to Plaintiff's bates stamped documents as HAMMONS 000056-000057 CURRENT PAY RECEIPTS. Additionally, Plaintiff contends the following cases make it clear such broad releases are not appropriate for the numerous reasons cited in each case. *Reed v. Madison Cty.*, 2016 U.S. Dist. LEXIS 189314 (S.D. Miss. November 1, 2016); *Williams v. United States Envtl. Servs.*, LLC, 2016 U.S. Dist. LEXIS 19613 * 21-3 (M.D. La. Feb. 18, 2016) (citing *Sanders v. Dalcraft*, LLC, 2009 U.S. Dist. LEXIS 41710 (N.D. Tex. May 18, 2009); *Allen v. CVS Pharm. Inc.*, 2013 U.S. Dist. LEXIS 104065 (S.D. Tex. July 25, 2013); *Liles v. Stuart Weitzman, LLC*, 2010 U.S. Dist. LEXIS 53584 (S.D. Fla. May 6, 2010); *Maxwell v. Health Ctr. of Lake City, Inc.*, 2006 U.S. Dist. LEXIS 36774 (M.D. Fla. June 6, 2006); *EEOC v. Southern Haulers, LLC*, 2012 U.S. Dist. LEXIS 68997 (S.D. Ala. May 17, 2012); *EEOC v. Renaissance III Org.*, 2006 U.S. Dist. LEXIS 100859 (N.D. Tex. March 30, 2006). *United States ex rel. Simms v. Austin Radiological Assoc.*, 2013 U.S. Dist. LEXIS 37196 *33 (W.D. Tex. March 18, 2013). As such, Plaintiff will not execute the Personal Records Release.

Insofar as the court can discern, there were no further communications between counsel regarding the discovery responses. But, on June 27, 2022, the Defendant filed a notice of intent to serve a subpoena on Plaintiff's current employer identified in response to interrogatory no. 4. The subpoena required a response by July 11, 2022, and commanded production of the following:

>All employment records of Bill Hammons" include[ing], but is not limited to, personnel file documents, payroll records, pay stubs, W-2s, work schedules, absence documentation, discipline documentation, application for employment, and records pertaining to separation from employment. It further includes any medical documentation of Mr. Hammons that is contained within his employment records, for which a medical records release authorization is provided with this subpoena. For electronically stored information, such as text messages, emails, or other electronically-stored records, the same may be produced in hard copy.

## II. The Instant Motion

On the date that notice was provided and received, counsel for Plaintiff and Defendant contacted the court telephonically, and Plaintiff made an oral motion to quash the subject subpoena before its service on Plaintiff's current employer and for a protective order requiring seven (7) days advance notice of intent to serve any other such subpoenas in the future. Defendant's counsel was instructed to halt service of the subpoena, and a formal motion for the protective order and to quash the referenced subpoena and briefing by both parties followed.

On July 3, 2022, before the briefing was ripe, Plaintiff, who acknowledged he had previously produced, in response to Request for Production No. 6, only his 2022 wage information (despite, as his interrogatory response indicated, having been employed by his current employer in 2021) purportedly served Defendant with "all of his pay records from the current Defendant, which consists of Plaintiff's W-2 for 2021 as well as every pay stub Plaintiff has every received from his current employer." *See* [26]. According to Plaintiff's counsel, Plaintiff "provided these documents to his counsel on June 27, 2022, but a mistake by Plaintiff counsel's staff caused them not to be produced until July 3, 2022." *Id.*

As noted, by the instant motion, Plaintiff seeks: (1) a protective order by which Defendant is required to provide Plaintiff with at least seven days' notice prior to sending any "other subpoenas" to Plaintiff's current or prospective employers;[1] and (2) to quash the subpoena issued but not yet served by Defendant on Plaintiff's current employer on the basis that it, with the exception of wage information already in possession of defense counsel, is merely a "fishing

---

[1] *See* Plaintiff's Motion Section A protective order, and paragraph 18 thereof.

expedition" that will result in undue burden to Plaintiff by unnecessarily placing his current employer on notice that the employee is suing his former employer.

**III.    Legal Standards**

"A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). When reviewing discovery motions, courts take into account that discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979). "But the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they 'be construed to secure the just, speedy, and inexpensive determination of every action.'" *Id.* at 177. Recently amended Rule 26(b)(1) permits parties to:

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

If a court finds that requested discovery lies outside the scope of Rule 26(b)(1), the court "must limit the frequency or extent of discovery." FED. R. CIV. P. 26(b)(2)(C)(iii). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Kleppinger v. Texas Dep't of Transp.*, No. L–10–124, 2012 WL 12893652, at *1 (S.D. Tex. Mar. 12, 2012) (internal quotation marks omitted) (citing *Crawford–El v. Britton*, 523 U.S. 574, 599 (1998)). "Finding a just and appropriate balance in the discovery process is one of the key responsibilities of the Court, and '[i]t is well established that the scope of discovery is within

the sound discretion of the trial court.'" *Willis v. City of Hattiesburg*, No. 2:14-cv-89-KS-MTP, 2016 WL 918038, *2 (S.D. Miss. Mar. 10, 2016) (quoting *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)).

With regard to employment cases, federal district courts around the country have addressed the discoverability of personnel records from a Plaintiff's other employers in discrimination cases. Though the results have been wide-ranging, underscoring the trial court's broad discretion in discovery matters and the principle that discovery is decided on a case-by-case basis, it is recognized that the wholesale production of a Plaintiff's personnel records based on theoretical possibilities of relevance can be disproportional to the needs of a case and can be a tool for harassment with a direct negative effect on a litigant's relationship with their employer. *Reed v. Madison Cnty., Mississippi*, No. 3:16-CV-51-WHB-JCG, 2016 WL 11640189, at *3–4 (S.D. Miss. Nov. 1, 2016).

### IV. Defendant's Response to the Instant Motion and the Court's Findings

#### A. The Protective Order

In response to Plaintiff's argument that" at least 7 days advance notice" of an intent to serve another subpoena on his current or prospective employer be given to Plaintiff, the Defendant notes correctly that no legal authority in support of such an exacting requirement is offered. And, in fact, the federal rules do not require any particular amount of advance notice before service of a Rule 45 subpoena for documents – only that notice before service be given. *See* FED. R. CIV. P. 45.

For its part, the Court notes that it appears that Plaintiff was given advance notice before service of the issued subpoena referenced above, and importantly, was therefore able to timely make an emergency motion to halt service of the same pending a ruling by the court on whether it should be quashed before service. While the court makes no ruling on whether the notice actually

given in this case was reasonable under the circumstances, given the lack of any prejudice to Plaintiff in this instance, or any authority to suggest that at least seven days advance notice is required, the undersigned declines to adopt, in blanket abstract, such a rule.

On the other hand, any suggestion by the Defendant that a future subpoena may be served under Rule 45 absent advance notice that is reasonable under the circumstances is equally impractical and unduly burdensome on the party who may desire to seek relief of the court before the subpoena is served. And any suggestion by defense counsel that such a reasonable requirement in any way burdens it, is not tenable. Moreover, the absence of any articulable prejudice to Defendant from providing a reasonable advance notice before service could readily suggest an alternative improper purpose in serving the employer without such notice.

### B. The Motion to Quash

In response to the argument that the issued subpoena should be quashed, the Defendant asserts that:

> Plaintiff's request that the Court quash the subpoena should be denied because the information sought is relevant for purposes of calculating damages and does not fall within any of the limited categories set forth in Federal Rule of Civil Procedure 45(d)(3)(A) for quashing a subpoena. Quashing a subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(i-iv) is only permitted in limited circumstances when it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(i-iv). Plaintiff's speculative fears do not fall within any of these categories.

Def. Br. at 10-11. [24].

In order to better access the propriety of the discovery sought *via* the subpoena under the federal rules, the undersigned held a telephonic status conference to invite the parties to

supplement their respective arguments regarding whether the subpoena should be quashed. The parties have now done so and addressed below is each category of documents identified in the subject subpoena.

1. Payroll records; pay stubs; W-2s

As to this category, it is the court's understanding that Defendant has now been provided with all information as to the wages, benefits, and hours per week Plaintiff has worked with his current employer. To the extent the Plaintiff has not done so, he and his counsel are ordered to, within three business days hereof, supplement his prior discovery responses to do so. As such, the court can identify no proper reason to permit a subpoena to be served on Plaintiff's current employer for the same information.

2. Work Schedules; absence documentation; and discipline documentation

According to the Defendant, it seeks this information because it might reveal that Plaintiff could work a tougher schedule at his current employer, not be late for work or absent from work, and not offend any disciplinary rules of his current employer. Apparently, the theory here is that Plaintiff could thereby get a raise as an excellent employee and hence mitigate his claimed damages. Respectfully, the undersigned finds that given the posture of this case, such a request is not proportional to the needs of the case. Discovery in this case does not run until December 2, 2022, and there has been no responsible suggestion that information concerning work schedules, absences, or miscellaneous disciplinary violation(s) – if any at all – have had any meaningful impact on Plaintiff's earnings with his current employer.

3. Records pertaining to separation from employment from Belk Ford

Per Plaintiff's sworn interrogatory answers, there have been none. Thus, again, there is no showing of any reasonable basis for making this request of this employer.

4. Medical Information

As for seeking medical information about Plaintiff from Plaintiff's current employer, the Defendant suggests this could theoretically reveal that Plaintiff has suffered some medical condition or illness while in the employment of Belk that Defendant could argue would surely have befallen him also had he remained an employee of Defendant (and thus reduced what he would have earned had he remained an employee of Defendant). Suffice it to say, the undersigned is unpersuaded. This is particularly so where, as here, Plaintiff has already given the Defendant an executed medical authorization and Plaintiff is available to Defendant for deposition or written discovery. Should routine discovery of the Plaintiff or his medical providers suggest any realistic need for such discovery, there is sufficient time remaining to allow for that.

In sum, given the speculative relevance of much of the information sought and that other information sought has already been produced or is more easily ascertainable by Defendant through a means less burdensome to Plaintiff, the motion to quash is granted.

Consistent with the above, the motion for protective order is denied to the extent it seeks "at least 7 days advance notice" of service of a subpoena. It is granted insofar as it seeks to quash the subject subpoena.

**SO ORDERED**, this the 12th day of July, 2022.

>  */s/* Jane M. Virden
> **UNITED STATES MAGISTRATE JUDGE**